978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leon IRBY, Plaintiff-Appellant,
v.
James MURPHY, et al., Defendants-Appellees.
 No. 89-1406.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.*
Decided Nov. 2, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Leon Irby has filed two suits complaining about the same prison discipline. One he filed in the Western District of Wisconsin, and the other in the Eastern District. The judge sitting in the Western District dismissed the complaint on the merits; Irby did not appeal. The judge in the Eastern District dismissed the complaint on grounds of claim preclusion (res judicata). This time Irby appealed, but it is too late to contest the merits.
 
 
 2
 One dispute between the same parties may be litigated only once under the federal rule that governs here because the first judgment was rendered by a federal court. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981). Litigants are barred with respect to all claims that were, or could have been, raised in the first suit. Montana v. United States, 440 U.S. 147, 153 (1979); Supporters to Oppose Pollution, Inc. v. Heritage Group, No. 91-1247 (7th Cir. Aug. 28, 1992), slip op. 8-11.
 
 
 3
 Irby has sued the same persons twice about the same events. He tries to distinguish the suits by saying that the complaint in the first named the defendants in their official capacities while the second named them in their individual capacities. That may be, but it is not significant; both kinds of claim could have been made in the first suit. Splitting a single person into two "capacities" is no excuse for filing two suits. It is similarly irrelevant that Irby's second complaint narrated some additional facts. Preclusion applies to claims, not facts, Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir.1986), and Irby has had one decision on the merits of this grievance. Finally, it is irrelevant that Irby chose to litigate the first case on a due process theory and this case under the eighth amendment; one grievance yields a single claim for relief no matter how many legal theories may be implicated. NAACP v. American Family Mutual Insurance Co., No. 91-1176 (7th Cir. Oct. 20, 1992), slip op. 5-6.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record